UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

v. **No. 4:26-cr-00239-P**

**MICHAEL ANTHONY CECENAS.**

## OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss Count One of the Indictment. ECF No. 14. Having considered the Motion, relevant docket filings, and applicable law, the Court will **DENY** the Motion.

## BACKGROUND

A grand jury found that, on or about June 16, 2026, Michael Anthony Cecenas violated the possession prong of 18 U.S.C. § 922(g)(1) and § 924(a)(8). Section 922(g)(1) provides, in pertinent part:

> (g) It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

On August 11, 2026, Cecenas filed a Motion to Dismiss Count One of the Indictment. ECF No. 14. The Motion argues that Section 922(g)(1) exceeds Congress's power under the Commerce Clause. The Court now addresses this argument.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CR. P. 12(b)(1). In deciding the motion, the Court should "take the allegations of the indictment as true." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

## ANALYSIS

18 U.S.C. § 922(g)(1) prohibits the possession of firearms by convicted felons. In support of his Motion, Cecenas asserts that 18 U.S.C. § 922(g)(1) exceeds Congress's power to regulate interstate commerce under the United States Constitution.

The Fifth Circuit and other circuit courts have consistently upheld § 922(g)(1)'s constitutionality as a proper exercise of Congress's commerce power. *See United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001) (collecting cases holding that § 922(g)(1) is a valid exercise of the commerce power); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996) ("We therefore join eight courts of appeal upholding the constitutionality of § 922(g)(1) as a valid exercise of the commerce power.").

Cecenas cites no authority to the contrary. He concedes that Fifth Circuit precedent squarely forecloses his argument. While Cecenas notes the Fifth Circuit recently granted en banc review in a case involving a similar challenge to § 922(g)(1), this Court is bound by Fifth Circuit precedent. Thus, Defendant's argument that § 922(g)(1) exceeds the scope of Congress's commerce power fails.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss Count One of the Indictment. ECF No. 14.

**SO ORDERED** on this **20th day of August 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE